UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTER-OCEAN SEAFOOD TRADER, INC.,<br><br>    Plaintiff,<br>  v.<br><br>RF INTERNATIONAL, LTD.,<br><br>    Defendant.<br>_____/ | Case No. C-11-06675 JCS<br><br>**ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE [Docket No. 22] AND TRANSFERRING ACTION TO THE FEDERAL DISTRICT COURT FOR THE DISTRICT OF KANSAS** |

## I. INTRODUCTION

This action involves an agreement between Inter-Ocean Seafood Trader, Inc. ("Inter-Ocean") and RF International, Ltd. ("RF") under which RF agreed to broker through U.S. customs a shipment of frozen shrimp arriving from Indonesia at the Port of Oakland. Inter-Ocean alleges that the Food and Drug Administration ("FDA") refused to allow the shipment to enter the United States due to negligence on the part of RF, and consequently, Inter-Ocean was forced to send the shrimp back to Indonesia. Inter-Ocean filed its original complaint in San Mateo County Superior Court, asserting claims for breach of contract, negligence and breach of fiduciary duty. Inter-Ocean requested compensatory damages of $53,543.44 and punitive damages in the amount of $1 million. Inter-Ocean attached to the complaint a copy of the agreement upon which it based its breach of contract claim – a signed Power of Attorney incorporating certain "Terms and Conditions" (hereinafter, referred to collectively as "the Agreement"). RF subsequently removed the action to this Court on the basis of diversity jurisdiction.

RF now brings a Motion to Dismiss for Improper Venue (the "Motion"), asking that the Court dismiss the action without prejudice pursuant to Rule 12(b)(3), or in the alternative, transfer the action to the District Court for the District of Kansas, on the basis of a forum selection clause in

the Agreement requiring that all claims between the parties be litigated in the state or federal courts of Kansas. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Court determines that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for **May 11, 2012 is vacated.** For the reasons stated below, the Motion is GRANTED.

## II.     THE MOTION

In the Motion, RF asserts that venue in the Northern District of California is improper because the Agreement, which was signed by Inter-Ocean and is the basis for Inter-Ocean's breach of contract claim, contains the following mandatory forum selection clause:

> Customer and Company
>
> (a) irrevocably consent to the jurisdiction of the United States District Court and the State Courts of Kansas;
>
> (b) agree that any action relating to the services performed by Company, shall only be brought in said courts;
>
> (c) consent to the exercise of in personam jurisdiction by said courts over it; . . .

Second Amended Complaint ("SAC"), Ex. A (Agreement) at 3 (Terms and Conditions § 21). This provision is contained in the Terms and Conditions that are expressly incorporated into the Power of Attorney for Customs and Forwarding Agent, which was executed in favor of RF on December 28, 2010. SAC, Ex. A at 1 (Power of Attorney for Customs and Forwarding Agent) (stating that Inter-Ocean "hereby acknowledges receipt of RF International, Ltd., its heirs and assigns, Terms and Conditions of Service, which are hereby incorporated by reference and shall govern all transactions between the parties").

Inter-Ocean argues in its response that the forum selection clause should not be enforced because: 1) RF did not challenge venue in state court and therefore waived its right to object to venue in this Court; and 2) the provision in the Agreement is ambiguous because RF's commercial invoices designate New York as the forum in which claims must be litigated. Opposition at 3.

Inter-Ocean further contends that based on the factors articulated in *Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151 (N.D. Cal. 2009), venue in the Northern District of California is proper. *Id*. at 3-4. First, Inter-Ocean argues that its choice of forum should be

2

respected because John Chen, who is the president of Inter-Ocean and signed the Agreement on its behalf, does not speak English well and had difficulty reading the small print, and therefore did not realize that the Agreement contained a forum selection clause designating Kansas. *Id.* at 4; *see also* Declaration of John Chen. Chen states in his declaration that RF did not offer to explain the Agreement to him or point out the forum selection clause. *Id*. According to Chen, had he realized the Agreement contained the forum selection clause, he would not have signed it. *Id*. Second, Inter-Ocean argues that the claims arose in San Mateo County. *Id*. Third, Kansas is inconvenient for both Inter-Ocean and RF as neither company has offices there. *Id*. at 4-5; *see also* Declaration of Timothy S. O'Hara and Request for Judicial Notice. Fourth, the Northern District of California is more convenient for witnesses as the witnesses Inter-Ocean will be calling are from Oakland and Fremont. *Id*. at 5. Fifth, access to proof will be impeded if the case is litigated in Kansas because the court will be unable to subpoena witnesses who reside in the San Francisco Bay area. *Id*. Sixth, public interest factors support a finding of venue in this district, namely, the interest of this district in regulating business conduct in the district, the fact that Kansas courts are likely to be less familiar with a dispute of this sort because there is no port in Kansas, and because Kansas courts are more congested than the courts of this district. *Id*. at 5-6.

Inter-Ocean points out that if the Court finds that the forum selection clause should be enforced, the action may be transferred to Kansas rather than dismissed if it is in the interest of justice. *Id*. at 6.

Finally, Inter-Ocean suggests that at least its tort claims should be permitted to go forward in this district because under *Manetti-Farrow v. Gucci*, 858 F.2d 599 (9th Cir. 1988), the forum selection clause does not apply to those claims. *Id*. at 6-7.

**III. ANALYSIS**

    **A. Legal Standards**

        **1. Rule 12(b)(3)**

The Ninth Circuit has held that a motion to dismiss on the basis of a forum selection clause is governed by Rule 12(b)(3) of the Federal Rules of Civil Procedure. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). In deciding a motion under Rule 12(b)(3), the court may

3

consider facts outside of the pleadings. *Id*. The court draws all reasonable inferences and resolves any factual conflicts in favor of the nonmoving party. *Skillnet Solutions, Inc. v. Entertainment Publications, LLC*, 2012 WL 692412 (N.D. Cal. March 2, 2012).

### 2. Enforceability of Forum Selection Clause

Enforceability of a forum selection provision where jurisdiction is based on diversity is a question of federal law. *Manatti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Under federal law, forum selection clauses are presumed valid "and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Id*. at 514 (*quoting The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). A forum selection clause "can be equally applicable to contractual and tort causes of action." *Id*. "Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Id*. Thus, in *Manatti-Farrow*, the court held that a forum selection clause applied to tort claims as well as breach of contract claims because the tort claims "[could not] be adjudicated without analyzing whether the parties were in compliance with the contract." *Id*.

### 3. Venue Provisions

Generally, venue in federal district court is governed by 28 U.S.C. § 1391. That provision does not apply following removal from state court, however. Rather, venue in removed cases is governed by 28 U.S.C. § 1441, which provides that venue is proper if removal is to the district in which the state action was pending and the federal court has jurisdiction. Therefore, a "defendant who properly removes to federal court . . . meets the venue requirements of § 1441, in effect canceling any improper venue objection under Fed. R. Civ. P. 12(b)(3)." *Skillnet*, 2012 WL 692412, at * 4. An exception to this rule has been recognized, however, in cases that involve contractual forum selection clauses. *See id.* at * 4 n. 40 ("Whether deemed a waiver or not, the effect on an improper venue claim following removal seems to be the same *unless* a party establishes a contractual basis for a different forum") (emphasis added); *see also Tokio Marin & Fire Ins. Co. v. Nippon Express U.S.A. Inc.*, 118 F. Supp. 2d 997, 999-1000 (C.D. Cal. 2000) (opining that case law and commentary on whether removal waives right to object to venue on basis of forum selection

4

clause is "less than consistent" and concluding that the "better view is the view adopted by . . . the Northern District of California" in *Soil Shield International, Inc. v. Lily Industries, Inc.*, 1998 WL 283580 (N.D. Cal. May 29, 1998) (holding that the law is clear that a defendant does not waive an objection to venue based on a forum selection clause by removing to federal court under 28 U.S.C. § 1441)); *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion*, 125 F.Supp.2d 1008, 1013 (N.D. Cal. 2000) ("It is clearly established that timely removal to federal court does not waive a defendant's right to raise venue objections"). Thus, where there is a forum selection clause, a party may seek dismissal for improper venue even after removal to federal court.

### B. Application of Law to Facts

The forum section clause at issue in this case is enforceable because it clearly provides that all actions relating to the services performed by RF must be adjudicated in the courts of Kansas and Inter-Ocean has failed to make the strong showing necessary to establish that this provision should not be enforced.

First, Inter-Ocean's reliance on RF's commercial invoice – which apparently contains a New York choice of law provision[1] – is misplaced. Inter-Ocean did not sign the commercial invoice and does not sue on the basis of that contractual provisions. In contrast, Inter-Ocean signed the Agreement containing the Kansas forum selection clause and asserted a breach of contract claim on the basis of that Agreement. Inter-Ocean has not cited any authority establishing that a forum selection clause printed on an unsigned invoice gives rise to ambiguity sufficient to render unenforceable a clear forum selection provision in the underlying contract between the parties. Nor does the Court find any such authority.

Second, RF's failure to challenge venue in the state court action does not give rise to waiver of its venue challenge in this Court in light of the legal standards regarding venue provisions set forth above.

---

[1] Inter-Ocean did not provide a copy of the commercial invoice or the specific terms of the provision. RF does not dispute, however, that the commercial invoice designates New York as the forum in which disputes shall be resolved.

5

Third, Inter-Ocean's tort claims cannot be resolved without analyzing whether RF complied with the Agreement and therefore those claims are within the scope of the forum selection clause in the Agreement. *See* SAC, Attachment GN-1.

Finally, to the extent that Inter-Ocean's arguments under *Ortho-McNeil Pharmaceuticals* are construed as arguments that enforcement of the forum selection clause would be "unreasonable or unjust," those arguments fail. The burden for rebutting the presumption that a forum selection clause is enforceable is a heavy one. The evidence offered by Inter-Ocean, including Mr. Chen's declaration stating that he does not speak English well and did not realize that the Agreement included a forum selection clause, is insufficient to meet that burden.

### C. Whether the Action Should be Dismissed or Transferred

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Ordinarily, transfer is in the interests of justice because dismissal of an action that could be brought elsewhere is "time consuming and justice defeating." *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1962). Whether dismissal or transfer is appropriate lies within the sound discretion of the district court. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

In the Agreement, Inter-Ocean and RF expressly consented to the jurisdiction of the state and federal courts of Kansas. Therefore, this action could have been brought in the Federal District Court for the District of Kansas. Furthermore, the Agreement contains a provision requiring that claims "arising out of ocean transportation" must be asserted within one year of the date of the loss, raising the possibility that Inter-Ocean's claims will be time-barred if this action is dismissed. Therefore, the Court finds that it is in the interest of justice to transfer this action to the Federal District Court for the District of Kansas.

**IV. CONCLUSION**

For the reasons stated above, the Motion is GRANTED. The Clerk is directed to transfer the file in this case to the Federal District Court for the District of Kansas.

IT IS SO ORDERED.

Dated: May 7, 2012

_____
JOSEPH C. SPERO
United States Magistrate Judge